Below is an opinion of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 19-31913-pcm13 |
|---|---|
| WILLIAM C. CASSALERY and BARBARA L. RUSSELL-CASSALERY, | OPINION[1] |
| Debtors. | |

Section 1329 of the Bankruptcy Code governs modification of chapter 13 plans after confirmation.[2] In 2020, Congress passed the CARES Act in response to the COVID-19 pandemic. Among other things, the CARES Act included an amendment to § 1329, allowing debtors to extend the term of chapter 13 plans from a maximum of 60 to 84 months. See § 1329(d) (repealed).[3] Section 1329(d) expired in March of 2022. The question in this case is

---

[1] The active judges of the district approve this opinion.

[2] Unless otherwise noted, all references to chapters and sections are to the Bankruptcy Code, 11 U.S.C. § 101, et seq.

[3] Former § 1329(d)(2) provided:

Page 1 – OPINION

whether the court can approve a fourth amended plan that proposes to retain an 84-month term after expiration of § 1329(d).  The court concludes that it cannot and will deny approval of the modified plan at issue because it does not comply with § 1329(c), which provides that the court cannot approve a modified plan providing for a payment period that exceeds 60 months.

Background

William and Barbara Cassalery (Debtors) filed a chapter 13 bankruptcy petition in 2019 in hopes of saving their home from foreclosure.  Debtors' initial plan proposed curing the arrears owed to U.S. Bank on their home through monthly payments over the duration of the plan.  Debtors estimated the plan duration to be 59 months.  Debtors' plan was confirmed in September of 2019.

In October of 2020, Debtors filed an amended plan.  The court's form Notice of Postconfirmation Amendment of Plan provides that an amended plan becomes effective automatically unless an objection is timely filed and served.  No objections were filed, and Debtors' amended plan complied with § 1329, so the amended plan became effective.  As was permitted under the CARES Act, Debtors extended the term of their plan to 84 months.  ECF No. 51.

Debtors filed a second amended plan in August of 2021.  ECF No. 64.  The second amended plan retained the 84-month term and added a provision that Debtors would sell or

---

A plan modified under paragraph (1) may not provide for payments over a period that expires more than 7 years after the time that the first payment under the original confirmed plan was due.

Page 2 – OPINION

refinance their residence by August of 2024.[4]  U.S. Bank initially objected to the second amended plan but ultimately withdrew its objection.  ECF No. 75.

Debtors filed a third amended plan in February of 2023, which again retained the 84-month term.  ECF No. 78.  There were no objections to the third amended plan.

Debtors filed their fourth amended plan (the Fourth Amended Plan) in June of 2024.  ECF No. 84.  The Fourth Amended Plan retains the 84-month term and proposes to extend the date of a required sale or refinance of Debtors' residence from August of 2024 to January of 2026.  U.S. Bank objected to the Fourth Amended Plan, primarily on the grounds that it was not filed in good faith.  ECF 85.[5]  U.S. Bank did not object to retention of the 84-month term.  However, once an objection is filed, the court has an independent duty to determine whether a plan complies with § 1329.  As a result, the court alerted the parties that it was concerned that the Fourth Amended Plan could not be approved because retention of the 84-month term violated § 1329(c).  ECF 92.  The parties submitted supplemental briefing on that question after an evidentiary hearing.

U.S. Bank argues that the court is prohibited from approving the Fourth Amended Plan because it violates § 1329(c).  Debtors argue that because their plan initially was extended to 84 months when § 1329(d) was applicable, they should be grandfathered in to an 84-month term and allowed to modify the sale or refinance date without losing the extended term.

---

[4]  The court assumes the sale or refinance provision was added because the arrears would not be satisfied from the payments contemplated in paragraph 4(b)(1) of the plan within 84 months.

[5]  Because the court concludes that the Fourth Amended Plan cannot be approved under § 1329(c), it need not address the arguments raised by U.S. Bank in ECF No. 85.

Page 3 – OPINION

Analysis

The court was not able to find any case law from the Ninth Circuit addressing the question of whether a chapter 13 plan can be modified after expiration of § 1329(d) if the amended plan proposes to retain a term longer than 60 months. There are a limited number of opinions from bankruptcy courts in other jurisdictions that have addressed the issue. Of those cases, only one allowed a plan to be modified without reverting to a maximum 60-month term. See In re Mercer, 640 B.R. 577 (Bankr. D. Colo. 2022). Without exception, the other cases declined to approve modified plans that proposed to continue the term of the plan past 60 months. See, e.g., In re Nelson, 646 B.R. 810 (Bankr. E.D. Wis. 2022). The court agrees with the line of cases represented by the Nelson decision.

The issue before the court presents a straightforward question of statutory interpretation. When faced with the task of statutory interpretation, the starting point is the text of the statute. J.B. v. United States, 916 F.3d 1161, 1167 (9th Cir. 2019) "'Where the statute's language is plain, the sole function of the courts is to enforce it according to its terms.'" Id. (quoting Int'l Ass'n of Machinists & Aerospace Workers v. BF Goodrich Aerospace Aerostructurers Grp., 387 F.3d 1046, 1051 (9th Cir. 2004)).

Section 1329(b)(1) instructs that § 1325(a) applies to modified plans. Section 1325(a)(1) requires that a plan comply with all "**applicable** provisions of" the Bankruptcy Code. (Emphasis added). Thus, to approve the Fourth Amended Plan, the court must find that it complies with § 1329. Among the requirements included in § 1329 is that the term of the plan not exceed 60 months. See § 1329(c).[6] There is no ambiguity in the statute because subsection (d) of § 1329 is

---

[6] Section 1329(c) provides:

Page 4 – OPINION

no longer an applicable provision of the Bankruptcy Code. Nelson, 646 B.R. at 816-17. The fact that Debtors' previous plans extended the plan duration is of no legal consequence. The statute in its current form has no savings provision allowing for such a result.

In Mercer, the court addressed several cases in which motions to modify plans had been filed, but not approved, prior to the expiration of § 1329(d). The court ruled that any plan extension beyond five years that the court had approved before the sunset date should remain in effect despite subsequent modification to the plan so long as the duration of the plan was not further extended. 640 B.R. at 581. One of the plans met that condition and the court approved the modified plan in that case. Id. The court denied approval of the other plans. Id.

Although Mercer provides some support for Debtors' position, the court does not find it persuasive. The opinion focuses almost entirely on a different issue - the question of when a proposed modified plan becomes effective. The court's decision to allow retention of an extended term for one of the proposed modified plans at issue in Mercer is conclusory and not supported by any analysis of the interplay between § 1329(c) and former § 1329(d).

Debtors argue that denying approval of the Fourth Amended Plan would be manifestly unjust. They urge the court to consider the fact that the proposed modification will not cause any serious harm to U.S. Bank, only some delay in ultimate payment. They also observe that allowing the plan to remain an 84-month plan fulfills the purposes of the plan, which are the receipt of a discharge and payment of creditors in full. Debtors' appeal to equity and the court's

---

A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

Page 5 – OPINION

sympathy is understandable. However, the court must refrain from disregarding an unambiguous statute for the purpose of accomplishing equity in a particular case. See Law v. Seigel, 571 U.S. 415, 421 (2014) (a bankruptcy court's exercise of statutory and inherent powers "may not contravene specific statutory provisions"). See also Nelson, 646 B.R. at 821 (addressing the argument that Congress's failure to provide that debtors need not abide by § 1329(c) for any future modifications was an oversight and concluding that a court nevertheless is bound to enforce the plain terms of a statute as written).

## Conclusion

For the reasons stated above, the court will prepare and enter an order denying approval of the Fourth Amended Plan.

###